```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                          Criminal No. 11-cr-177-01-JL

Christopher Ramos


**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on May 10, 2012, to determine whether to continue to detain the defendant, Christopher Ramos, who has been charged by indictment with failure to register as a sex offender under 18 U.S.C. § 2250(a).

**Background**

Mr. Ramos was arrested in Florida on the current indictment and, on March 20, 2012, a detention hearing was held in the United States District Court for the Southern District of Florida. Following the hearing, the court detained Mr. Ramos, finding him a risk of flight. The Florida court declined to rule on dangerousness, as its ruling on flight was dispositive. See United States v. Ramos, No. 12-mj-06106-RSR (S.D. Fla. March 20, 2012) (order of detention) (hereinafter referred to as "Florida Order"). The bulk of the operative facts in this case are summarized in the Florida Order.

At his arraignment in New Hampshire on April 6, 2012, the court detained the defendant pursuant to the Florida Order. On April 17, 2012, Mr. Ramos filed a motion to reopen the question of his detention in light of new information that was not available to him at his detention hearing in Florida or his initial appearance in New Hampshire. The government did not object to Mr. Ramos's right to reopen the hearing, but the government objected to Mr. Ramos's request for release on conditions.

**Legal Standards**

A detention hearing was warranted under 18 U.S.C. § 3142(f)(1)(E), because the defendant is charged with failure to register under 18 U.S.C. § 2250. However, as the government conceded during the hearing, no rebuttable presumption applies here.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g)

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure: (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

**Findings and Rulings**

The Florida Order provides a detailed summary of the nature of the crime, the weight of the evidence, and the history and characteristics of Mr. Ramos, including his extensive criminal history.

Mr. Ramos argued that he should be released to stay with two of his "close friends" (Daniel Cote and Jean Bennett). Mr. Cote and Ms. Bennett reside in Manchester and offered to provide

3

Mr. Ramos with a room in their home, as well as any necessary transportation during his release.

After weighing the new residence evidence proffered by Mr. Ramos, and the arguments of both defense counsel and the prosecutor, the court concludes that the original detention order should remain undisturbed.  The court finds that, even without the benefit of a rebuttable presumption, the government has met its burden of proving that there are no conditions or combination of conditions that will reasonably assure either the defendant's appearance or the safety of the community.  The court reaches that conclusion based on the following findings:

- <u>Nature of the crime.</u>  Defendant is charged with failing to update his sex-offender registration.  The facts underlying the charge are adequately summarized in the Florida Order and need not be repeated here.  It bears mention, however, that defendant's underlying sexual assault convictions resulted in ten- to twenty-year sentences and involved victims only ten and eleven years of age.  As argued by the prosecutor, defendant "has proven himself a sexual predator for whom one might say the state and federal sex offender registration requirements were written."

- <u>Weight of the evidence.</u>  Per the government's proffer, the defendant knew he was required to register upon his arrival in Florida, but he failed to do so.  While defendant contests certain aspects of the government's proffer with respect to his failure to register, the weight of the evidence against defendant appears strong.  The Florida Order contains a detailed summary of the weight of the evidence in this case.

- <u>Defendant's criminal record.</u>  Defendant has a lengthy criminal history that includes multiple convictions for sexual assault occurring in 1989, 1990 and 1991.  His registration requirements stem from sexual assaults on two minor victims.  In 1999, defendant was paroled on his sexual-assault convictions, but his parole was revoked in 2005 for his having committed the crime of possessing marijuana.  In 2011, defendant was convicted of shoplifting.  In 2012, defendant was convicted of violating his probation on a theft charge.  Although it is not clear whether defendant was sentenced to probation on the shoplifting charge (or a different theft charge), the court will presume the probation came with the shoplifting conviction.  Even still, defendant was convicted under state law of violating his probation in

5

February 2012.  In March 2012, defendant was convicted of failing to register as a sex offender in Florida.  Defendant's criminal record indicates that he is a sex offender who, when released on parole or probation, is unable to abide by conditions of release.  Defendant is therefore a high risk for violating any bail conditions the court might set, and, as such, his release (even on strict conditions) represents a significant danger to the community.

- <u>Ties to New Hampshire.</u>  Defendant has resided in Florida since 2010.  At the time of his arrest on this charge, he was residing with his girlfriend in Coral Spring, Florida.  Defendant has no ties to New Hampshire, other than his friends Mr. Cote and Ms. Bennett.  Defendant met Mr. Cote while they were both incarcerated at the N.H. State Prison on sexual assault convictions.  Mr. Cote has a lengthy criminal record, which includes convictions for not only sexual assault but also bail jumping, a violation of parole, failure to register, and habitual offender.  As recently as April 26, 2012, Mr. Cote was convicted for simple assault and criminal threatening.  Mr. Cote's criminal record is, like defendant's, indicative of a person who has little respect for the

law.  Were Mr. Cote a law-abiding citizen, his residence would offer some amount of "reasonable assurance" to this court that defendant would be released to a stable residence.  However, Mr. Cote's criminal history, particularly his bail jumping and parole violation convictions, offer the court no assurance at all that defendant would be residing in a stable residence while out on bail.

- <u>Danger to other, if released.</u>  In light of his history of sexual assault and failure to register, defendant's release poses a serious risk of harm to children.  Defendant's tendency not to abide by the law represents a danger to the community at large.

For these reasons, the court finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of flight and danger. There are no conditions or combination of conditions that will reasonably assure the safety of the community or the appearance of defendant.[1]  Accordingly, it is **<u>ORDERED</u>** that the defendant remain detained pending trial.

---

[1] At the close of the hearing, apparently concerned with the possibility the court might release Mr. Ramos, the government informed the court that, in the event the court released defendant, it was requesting a stay for twenty-four hours so

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

May 11, 2012
cc: Behzad Mirhashem, Esq.
    Arnold Huftalen, Esq.
    U.S. Marshal
    U.S. Probation

---

that it could prepare an immediate appeal of the court's decision.  The court understands that, in an extraordinary case, a stay might be appropriate.  Here, such a request appeared to be in the nature of a reminder to this court of the government's right to appeal adverse decisions.  This court does not need to be reminded of that right.  Of course, the government is free to pursue its appellate rights with respect to any decisions the court might issue.